UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| CAROLYN AND EDWARD MYERS, JR. | * * * | CIVIL ACTION |
| --- | --- | --- |
| VERSUS | * * | NO. 07-1600 |
| STATE FARM FIRE & CASUALTY COMPANY | * * | SECTION "L"(1) |

### ORDER & REASONS

Before the Court is Defendant State Farm Fire & Casualty Company's Motion for Partial Summary Judgment as to the Plaintiffs Carolyn and Edward Myers, Jr.'s claim for bad faith penalties. For the following reasons, State Farm's Motion for Partial Summary Judgment is DENIED.

### I. BACKGROUND

This case arises out of property damage as a result of Hurricane Katrina. The Plaintiffs Carolyn and Edward Myers, Jr., allege that Hurricane Katrina caused extensive damage to their property located at 5137 Wentworth Drive, New Orleans, Louisiana. At the time of the damage, the property was insured by Defendant State Farm Fire and Casualty Co. ("State Farm") under Homeowners Policy No. 18-ED-0518-4. The policy provided coverage limits of $94,678.00 for the dwelling, $9,468.00 for dwelling extensions, $66,275.00 for personal property, and actual loss sustained for any additional living expenses ("ALE") resulting from a covered loss for up to twenty-four months.

To date, the Plaintiffs have received $9,766.37 in total net payments under the State Farm policy for damages to their property. These payments were distributed over the course of the

following time line. On September 5, 2005, Plaintiffs notified State Farm of their homeowner's insurance claim. The following day, State Farm issued a $2,500 advance on the claim. On November 22, 2005, a State Farm adjuster inspected the premises. On December 6, 2005, a draft in the amount of $3,949.01 was issued by State Farm to the Plaintiffs for their claim. On January 24, 2006, Mrs. Meyers called State Farm stating that she had additional damage to her home that was not included in State Farm's estimate. On January 25, 2006, Mrs. Meyers called and spoke to a State Farm adjuster. On March 6, 2006, a revised estimate was done by State Farm using the field adjuster's notes. State Farm issued a draft in the amount of $2,317.26 on March 7, 2006, to the Plaintiffs based on the revised estimate. On May 2, 2006, a State Farm adjuster met with Mrs. Meyers at the Harahan Catastrophe Office to provide assistance in filling out SBA loan paperwork.

Also at the time of the damage to their property Plaintiffs held a National Flood Insurance Program ("NFIP") policy issued by Fidelity National acting as a Write-Your-Own ("WYO") program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP"). This policy paid the Plaintiffs $66,000 for the dwelling and $13,000 for personal property damages related to Hurricane Katrina.

On August 25, 2006, Plaintiffs commenced this action by filing a Petition against State Farm in the Civil District Court for the Parish of Orleans, State of Louisiana, docket number 06-8539. Plaintiffs claimed, pursuant to the Louisiana Valued Policy Law, La. Rev. Stat. § 22:695, that they were entitled to the full face value of their homeowners policy. Plaintiffs also alleged that State Farm failed to properly adjust and/or appraise their claims and did not adequately compensate them for their damages. Additionally, Plaintiffs sought bad faith penalties under La. Rev. Stat. § 22:1220 (now La. Rev. Stat. § 22:1973) and La. Rev. Stat. § 22:658 (now La. Rev.

Stat. § 22:1892).

On October 11, 2006, State Farm removed the case to federal court on the basis of both diversity and federal question jurisdiction. On April 23, 2007, the case was consolidated into *In re: Katrina Canal Breaches Litigation*, C.A. No. 05-4182. On September 26, 2008, the case was de-consolidated and transferred to this Court.

On March 30, 2007, the case was severed from the *Ailes* matter.[1]

On April 5, 2007, the Plaintiffs filed an Amended Complaint which adopted and incorporated their original petition filed in state court. State Farm answered denying liability and setting forth several affirmative defenses.

## II. PRESENT MOTION

Defendant State Farm filed a Motion for Partial Summary Judgment on Bad Faith.[2] The matter was set for hearing on August 12, 2009. Specifically, State Farm seeks summary judgment finding that the Plaintiffs are not entitled to statutory penalties pursuant to La. Rev. Stat. § 22:1220 (now La. Rev. Stat. § 22:1973) and La. Rev. Stat. § 22:658 (now La. Rev. Stat. § 22:1892). State Farm claims that a dispute as to the amount of recovery does not warrant the imposition of bad faith penalties. State Farm further claims that Plaintiffs fail to put forth any evidence establishing that State Farm's adjustment of their insurance claim was in bad faith.

In response, Plaintiffs assert that factual issues exist as to whether State Farm timely adjusted their claim in good faith.[3] The Plaintiffs allege several facts in support of their claim

---

[1] *Ailes, et al. v. State Farm File & Casualty Co.*, No. 06-7822 (E.D. La. Mar. 30, 2007) (order granting motion to sever).

[2] *See* Rec. Doc. No. 30.

[3] *See* Rec. Doc. No. 46.

that State Farm should be liable for bad faith penalties.[4]

**III.    LAW & ANALYSIS**

Summary judgment is appropriate in a case if "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Products Liability Litigation*, 501 F.Supp.2d 776, 781 (E.D. La. 2007). In determining whether a genuine issue of material fact exists, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). But because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. V. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case and on which they bear the burden of proof. *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-movant's conclusory allegations or bare assertions unsupported by facts are insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 247-48, 106 S.Ct. 2505.

---

[4]*See* Rec. Doc. No. 58.

Louisiana law provides that statutory penalties may be assessed against insurers in certain situations for failure to timely resolve claims or pay settlement awards. For example, Louisiana Revised Statute § 22:658 (now La. Rev. Stat. § 22:1892) provides that failure to timely pay or attempt to settle a claim in certain circumstances shall subject the insurer to a penalty "when such failure is found to be arbitrary, capricious, or without probable cause." La. Rev. Stat. § 22:658(B)(1). Similarly, Louisiana Revised Statute § 22:1220 (now La. Rev. Stat. § 22:1973) sets forth that an insurer that breaches its "duty of good faith and fair dealing" to the insured shall be subject to statutory penalties. La. Rev. Stat. § 22:1220.

Under Louisiana law, however, the determination of whether an insurer acted arbitrarily, capriciously, or without probable cause necessarily depends on the facts of each individual case. *See Roberie v. S. Farm Bureau Cas. Ins*. Co., 250 La. 105, 194 So.2d 713, 716 (La.1967) ("A determination as to what constitutes bad faith or lack of good faith depends on the facts and circumstances of each case."); *see also Combetta v. Ordoyne*, 04-2347, pp. 8-11 (La.App. 1 Cir. 5/5/06); 934 So.2d 836, 842-43 ("In order to determine whether or not an insurer acted reasonably and in good faith in negotiating and settling a claim, one must look to the facts of the individual case."). Moreover, in bad faith actions against an insurer, the insured bears a considerable burden because "the insured is seeking extra-contractual damages, as well as punitive damages." *See Lewis v. State Farm Ins. Co.*, 41-527, p. 25 (La.App. 2 Cir. 12/27/06); 946 So.2d 708, 725. The insured must prove that the "insurer knowingly committed actions which were completely unjustified, without reasonable or probable cause or excuse." *See Holt v. Aetna Cas. & Sur. Co.*, 28450-CA, p. 18 (La.App. 2 Cir. 9/3/96); 680 So.2d 117, 130."

Turning to the instant case, the Plaintiffs do not simply contend that the amounts paid by State Farm were too low; they also set forth allegations that State Farm acted arbitrarily and

capriciously in its handing of their claim. Specifically, the Plaintiffs allege that State Farm failed to do the following: inspect the property timely, return the Plaintiffs' phone calls, timely pay the Plaintiffs' claims, re-inspect the property after being informed of such need, and pay for all damage covered under the policy. Accordingly, there are genuine issues of material fact and summary judgment is not appropriate at this time.

## IV.  CONCLUSION

For the foregoing reasons, Defendant State Farm's Motion for Partial Summary Judgment is DENIED.

New Orleans, Louisiana, this 31st day of August, 2009

UNITED STATES DISTRICT JUDGE