UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CAROLYN AND EDWARD MYERS, JR.** | * * * | **CIVIL ACTION** |
| **VERSUS** | * * | **NO. 07-1600** |
| **STATE FARM FIRE & CASUALTY COMPANY** | * * | **SECTION "L"(1)** |

## ORDER & REASONS

Before the Court is Defendant State Farm Fire & Casualty Company's ("State Farm") Motion for Appeal of Magistrate Judge Decision (Rec. Doc. No. 117). For the following reasons, State Farm's Motion for Appeal of Magistrate Judge Decision is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

This case arises out of property damage as a result of Hurricane Katrina. The Plaintiffs Carolyn and Edward Myers, Jr., allege that Hurricane Katrina caused extensive damage to their property located at 5137 Wentworth Drive, New Orleans, Louisiana. At the time of the damage, the property was insured by Defendant State Farm Fire and Casualty Co. ("State Farm") under Homeowners Policy No. 18-ED-0518-4. The policy provided coverage limits of $94,678.00 for the dwelling, $9,468.00 for dwelling extensions, $66,275.00 for personal property, and actual loss sustained for any additional living expenses ("ALE") resulting from a covered loss for up to twenty-four months.

To date, the Plaintiffs have received $9,766.37 in total net payments under the State Farm

1

policy for damages to their property. These payments were distributed over the course of the following time line. On September 5, 2005, Plaintiffs notified State Farm of their homeowner's insurance claim. The following day, State Farm issued a $2,500 advance on the claim. On November 22, 2005, a State Farm adjuster inspected the premises. On December 6, 2005, a draft in the amount of $3,949.01 was issued by State Farm to the Plaintiffs for their claim. On January 24, 2006, Mrs. Meyers called State Farm stating that she had additional damage to her home that was not included in State Farm's estimate. On January 25, 2006, Mrs. Meyers called and spoke to a State Farm adjuster. On March 6, 2006, a revised estimate was done by State Farm using the field adjuster's notes. State Farm issued a draft in the amount of $2,317.26 on March 7, 2006, to the Plaintiffs based on the revised estimate. On May 2, 2006, a State Farm adjuster met with Mrs. Meyers at the Harahan Catastrophe Office to provide assistance in filling out SBA loan paperwork.

Also at the time of the damage to their property Plaintiffs held a National Flood Insurance Program ("NFIP") policy issued by Fidelity National acting as a Write-Your-Own ("WYO") program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP"). This policy paid the Plaintiffs $66,000 for the dwelling and $13,000 for personal property damages related to Hurricane Katrina.

On August 25, 2006, Plaintiffs commenced this action by filing a Petition against State Farm in the Civil District Court for the Parish of Orleans, State of Louisiana, docket number 06-8539. Plaintiffs claimed, pursuant to the Louisiana Valued Policy Law, La. Rev. Stat. § 22:695, that they were entitled to the full face value of their homeowners policy. Plaintiffs also alleged that State Farm failed to properly adjust and/or appraise their claims and did not adequately

2

compensate them for their damages.  Additionally, Plaintiffs sought bad faith penalties under La. Rev. Stat. § 22:1220 (now La. Rev. Stat. § 22:1973) and La. Rev. Stat. § 22:658 (now La. Rev. Stat. § 22:1892).

On October 11, 2006, State Farm removed the case to federal court on the basis of both diversity and federal question jurisdiction.  On April 23, 2007, the case was consolidated into *In re: Katrina Canal Breaches Litigation*, C.A. No. 05-4182.  On September 26, 2008, the case was de-consolidated and transferred to this Court.

On March 30, 2007, the case was severed from the *Ailes* matter.[1]

On April 5, 2007, the Plaintiffs filed an Amended Complaint which adopted and incorporated their original petition filed in state court.  State Farm answered denying liability and setting forth several affirmative defenses.

## II.     PRESENT MOTION

On September 9, 2009, Plaintiffs filed a Motion to Compel the Production of All Redacted Documents and Documents Claimed as Privileged in a Claims File and for *In Camera* Review by Magistrate (Rec. Doc. No. 98).  United States Magistrate Judge Alma L. Chasez granted the Plaintiffs' Motion and directed State Farm to submit the documents at issue to the Court for an *in camera* inspection (Rec. Doc. No. 111).  The Court completed the *in camera* inspection of the documents furnished by State Farm (*See* Rec. Doc. No. 113).  The Court entered an Order on September 14, 2009, directing State Farm to produce certain enumerated documents from the claims file by September 17, 2009, reasoning, "[a]lthough either the

---

[1] *Ailes, et al. v. State Farm File & Casualty Co.*, No. 06-7822 (E.D. La. Mar. 30, 2007) (order granting motion to sever).

attorney-client or work product privilege is invoked as to all withheld items, most appear to be entries which more properly would be considered business records kept in connection with documenting the adjustment of the claim (Rec. Doc. No. 113)."

Subsequently, State Farm filed a Motion for Appeal of Magistrate Judge Decision arguing that the Magistrate Judge legally erred in ordering State Farm to produce certain enumerated documents (Rec. Doc. No. 117). State Farm submitted the documents at issue under seal for the Court's *in camera* inspection. State Farm argues that the documents at issue are subject to the attorney-client and work product privilege, are irrelevant to the Plaintiffs' claims, and are not discoverable.

Plaintiffs have filed a Response in Opposition to State Farm's Appeal of Magistrate Judge Decision (Rec. Doc. No. 127). At the outset of their Response, Plaintiffs note that they are at a disadvantage in opposing State Farm's Motion because Plaintiffs have not seen the documents at issue since such have been submitted under seal. Despite their non-access, Plaintiffs argue that the documents, because they are part of a claim file, are discoverable under the broad scope of discovery provided for by Federal Rule of Civil Procedure 26(b)(1). Plaintiffs also argue, citing Rule 26(b)(3), that even if the documents are determined to be work product, because the Plaintiffs are in "substantial need of the materials," the documents are discoverable. Plaintiffs submit that the documents are relevant because the claims file may contain critical information as to State Farm's obligation under La. R.S. 22:1973 to adjust the Plaintiffs' claim in good faith. Plaintiffs last argue that, as the named insureds on the policy, the claims file belongs to them as much as it belongs to State Farm.

## III. LAW & ANALYSIS

### A. Standard of Review

"Federal magistrate [judges] are creatures of statute, and so is their jurisdiction." *NLRB v. A-Plus Roofing, Inc.*, 39 F.3d 1410, 1415 (9th Cir. 1994). Magistrate judges have only the jurisdiction or authority granted to them by Congress in 28 USC § 636. Pretrial orders of magistrate judges under 28 USC § 636(b)(1)(A) are reviewable under the clearly erroneous and contrary to law standard; and, unless they fall within the eight dispositive motions excepted in subsection (A), they are not subject to *de novo* determination. *Merritt v. International Brotherhood of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981). Generally, matters concerning discovery are considered non-dispositive of the litigation. *Recinos-Recinos v. Express Forestry, Inc.*, 2006 U.S. Dist. LEXIS 84583 (E.D. La. Nov. 20, 2006). The party challenging the magistrate judge's action in a non-dispositive matter has the burden of "showing that the Magistrate's ruling was clearly erroneous or contrary to law." *Martin v. Lafon Nursing Facility of the Holy Family, Inc.*, 244 F.R.D. 352, 354 (E.D. La. 2007); *Bradford v. A&P*, 2005 U.S. Dist. LEXIS 36464 (E.D. La. Nov. 15, 2005).

### B. Discovery of Documents

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(b)(1) provides for a broad definition of relevant information, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

The Rules of Evidence for United States Court and Magistrates provide definitions for attorney-client privilege and work-product protection. Rule 502(g) generally defines attorney-

client privilege as "confidential attorney-client communications" and work-product protection as "tangible material (or its intangible equivalent) prepared in anticipation of trial." Federal Rule of Civil Procedure 26(b)(3) further provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial" but such may be discovered if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."

The Rules of Evidence for United States Court and Magistrates govern admissibility of evidence. Rule 405 provides that "conduct or statements made in compromise negotiations regarding the claim" are not admissible "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount." However, Rule 803 provides that "a memorandum, report, record, or date compilation, in any form, of acts, events, conditions, opinions, diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation" is admissible.

The Court, at all times considering the applicable standard of review and applicable law, conducted an *in camera* review of the documents at issue. The Court has determined that the Magistrate Judge conducted a competent and meticulous review of these documents of which the Court largely agrees. However, the Court has further determined that the following Bates numbered documents contain information protected by the attorney-client and/or work-product privileges: 0008; 0010, entry from December 13, 2007; and 0011, entry from November 14, 2007, 3:14 p.m. Accordingly, these documents are to be excluded from discovery. The

remaining documents, as indicated by the Magistrate, are discoverable and should be produced forthwith.

**IV. CONCLUSION**

For the foregoing reasons, Defendant State Farm's Motion for Appeal of Magistrate Judge Decision is GRANTED IN PART as to the Bates number documents 0008; 0010, entry from December 13, 2007; and 0011, entry from November 14, 2007, 3:14 p.m. and DENIED IN PART as to all other contested documents.

New Orleans, Louisiana, this 13th day of October, 2009

_____
UNITED STATES DISTRICT JUDGE